IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MEDICAL ASSOCIATES OF ERIE,** | ) | |
| Plaintiff, | ) | C.A. No. 1:20-cv-71 |
| | ) | |
| v. | ) | |
| | ) | RE: Motion for Attorney Fees |
| | ) | ECF No. 13 |
| **MICHAEL B. ZAYCOSKY, D.O.,** | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

U.S. D.J. Susan Paradise Baxter

Pending before this Court is a motion for attorney fees and costs filed by Plaintiff Medical Associates of Erie. ECF No. 13.

**Relevant Procedural History**

This action was originally filed by Medical Associates of Erie ("MAE") in the Erie County Court of Common Pleas[1] and Defendant Michael Zaycosky removed the action from the Court of Common Pleas to this federal court based on diversity jurisdiction.

Plaintiff MAE filed a motion to remand the matter to the Court of Common Pleas which Dr. Zaycosky opposed. Based on a forum selection clause in the written agreement as well as the fact that both Plaintiff's claims (one for breach of contract and one for unjust enrichment) arose

---

[1] According to the complaint, MAE entered into a written agreement with Dr. Zaycosky to subsidize his three-year residency in dermatology in consideration for his promise to commit to practicing dermatology in Erie, Pennsylvania for a specific time period. *See* ECF No. 1-1. Rather than return to Erie to practice dermatology at the end of his residency program, Dr. Zaycosky set up shop elsewhere. MAE sought either specific performance on a breach of contract claim or monetary damages of $361,800 on an unjust enrichment claim.

1

under the written agreement, this Court remanded the entire case back to the Erie County Court of Common Pleas. *See* ECF No. 10.

Thereafter, MAE filed the instant motion seeking attorney fees and costs. ECF No. 13. Plaintiff seeks $29,517.25. Defendant opposes the motion. ECF No. 18. Plaintiff has filed a brief in reply.[2] ECF No. 19.

**Standard of Review**

Title 28 U.S.C. § 1447(c) "balances two competing interests (1) deterring wrongful removals, while (2) not overly deterring parties from attempting to remove case in the first place." *King v. Alpha Sigma Tau Nat'l Found., Inc*., 2020 WL 7041767, at *1 (M.D. Pa. 2020) *citing Martin v. Franklin Cap. Corp.,* 546 U.S. 132, 140 (2005). In relevant part, § 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expense, including attorney fees, incurred as a result of the removal." The resolution of a motion seeking attorney fees "in connection with improper removal of a state court action to federal court is a matter committed to the sound discretion of the district court." *Giangrante v. Vardallo*, 153 Fed. App'x 814, 815 (3d Cir. 2005).

The Supreme Court has explained that "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 139 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*.

---

[2] Plaintiff claims to have spent an additional 5.3 hours researching and drafting the Reply brief and seeks an additional $2,250 in fees. However, because this request is not supported with evidence, it will be denied.

The decision to award costs and expenses is discretionary and does not require a finding of bad faith on the part of the removing party. *Mints v. Educ. Testing Serv.,* 99 F.3d 1253, 1260 (3d Cir.1996). *See also Ruiz v. Woodland Park Obgyn, LLC*, 2016 WL 158522, at *4 (D.N.J. Jan. 13, 2016).

**Defendant's Opposition to the Award of Fees**

Dr. Zaycosky opposes the motion for fees on two separate grounds. First, he argues that this Court lacks authority to award fees and costs because the remand was not under 28 U.S.C. § 1447(c). Second, Dr. Zaycosky argues that he had an objectively reasonable basis for the removal. ECF No. 18.

Dr. Zaycosky's first argument is easily disposed of. While Zaycosky cites an opinion from the Ninth Circuit Court of Appeals [*Ferrari, Alverez, Olsen, & Ottoboni v. Home Ins. Co.,* 940 F.2d 550 (9th Cir. 1991)] holding, without discussion, that because a remand order "was based on enforcement of the venue agreement, not on section 1447(c) … [the non-removing party] is not entitled to recover costs and fees pursuant to this provision" (*id*. at 555), this interpretation is the exception rather than the rule in district courts across the country, as cited at length by MAE[3]. *See, for example, Frosty Valley Country Club Inc. v. Integrity Golf Co., LLC*, 2018 WL 3141717 (M.D. Pa. 2018) (a district judge determined that, although it was not appropriate in that case, attorneys' fees could be awarded pursuant to § 1447(c) following a remand based on a forum selection clause).

---

[3] Moreover, an opinion from the Court of Appeals for the Ninth Circuit that is over thirty years old is not binding precedent on this Court.

3

Next, Dr. Zaycosky argues that because he had an objectively reasonable basis for removal to federal court, the petition for fees should be denied. This Court disagrees. Both of Plaintiff's legal claims (breach of contract and, alternatively, unjust enrichment) arose under the written agreement, which clearly has a forum selection clause. Dr. Zaycosky lacked a reasonable basis upon which to remove this matter from state court. Accordingly, the motion for fees will be granted.

**Calculating Fees**

When awarding attorney's fees and costs, courts within the Third Circuit use the "lodestar" method. *See Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). The formula proceeds in two steps. *King*, 2020 WL 7041767, at *2. The first step is to "determine 'the number of the hours reasonably expended' on the litigation before it." *Id. quoting Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). *See also Pub. Interest Research Grp. of N.J., Inc. v. Windall,* 51 F.3d 1179, 1185 (3d Cir.1995). The next step is to determine what amount constitutes a reasonable fee. *Id. citing Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). A court has substantial discretion in determining what constitutes a reasonable rate and reasonable hours[4], but once the lodestar is determined, it is presumed to be the reasonable fee, even though the court has discretion to adjust the fee for a variety of reasons. *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001).

---

[4] *See Arneault v. O'Toole*, 2016 WL 7029620, at *7 (W.D. Pa. 2016) ("The Supreme Court expressly recognized in *Fox* [*v. Vice*, 563 U.S. 826 (2011)] that, while a fee applicant must submit appropriate documentation to meet his burden of establishing entitlement to an award, 'trial courts need not, and indeed should not, become green-eyeshade accountants.' 563 U.S. at 838. Rather, 'the essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.' *Id*. To that end, 'trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allowing an attorney's time.'").

The party seeking fees has the burden to prove that its request is reasonable. *Arneault*, 2016 WL 7029620, at *3. In order to meet this burden, the "fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" *Rayna P. v. Campus Community School*, 390 F.Supp.3d 556, 561 (D. Del. 2019) *citing Rode,* 892 F.2d at 1183. MAE has supplied information sufficient to recover fees billed for litigation before this Court. MAE has submitted an Affidavit, attorney biographies, and detailed billing records. The time entries for each billing attorney for each day of billed work show how much time was spent and why that time was spent. ECF No. 14. The records show that attorneys billed MAE for about seventy-seven hours. The calculation of this number of hours is reasonable.

In opposition, Dr. Zaycosky contends that the fees are unreasonable. He bases his argument generally on the fact that the remand was such a straightforward matter. Zaycosky insinuates that the research and briefing regarding this remand should not have required the attention of three senior attorneys. Defendant's general argument in this regard misses the mark. *Arneault,* 2016 WL 7029620, at * 3 (if the non-movant seeks to challenge the fees sought, "the opposing party must then object 'with sufficient specificity' to the request.").

Dr. Zaycosky does make a specific challenge to the fees by arguing that some may be unrelated to the remand because the description of the services could be read to include the underlying dispute. He argues that some of the billing descriptions (constituting 7.6 hours), are vague while others include block billing (making up another 13.5 hours) that *could* include time spent unrelated to the removal. *See* ECF No. 18, pages 20-21. While these vague and block billed descriptions are services are not ideal, any deficiency is overcome by Attorney Bradshaw's affidavit in which he swears and certifies as an officer of the court that "all of the entries for

5

which reimbursement is sought are accurate and were incurred … in successfully prosecuting this successful motion to remand." ECF No. 14, ¶ 7.

      Dr. Zaycosky does not argue that the billing rates of $405 to $450 per hour are unreasonable and this Court agrees.  Accordingly, the motion for fees will be granted by separate order.